UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 21-731 (RC) |
| | : | |
| LAWRENCE LIGAS, | : | Re Document No.: 56 |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**DENYING DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

Defendant Lawrence Ligas moves to dismiss Count I of the first superseding indictment. Because the grand jury has since returned a second superseding indictment, the Court construes his motion as a request to dismiss Count I of the operative indictment.[1] For the reasons discussed below, Mr. Ligas's motion is denied.

**II. BACKGROUND**

Defendant Lawrence Ligas allegedly participated in the violent January 6, 2021 uprising at the United States Capitol. *See generally* First Superseding Indictment, ECF No. 44. On January 3, 2024, a grand jury issued a superseding indictment charging Mr. Ligas with several offenses arising out of his conduct during the riot. *Id.* Count I charged Mr. Ligas with Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. Section 1512(c)(2) prohibits "corruptly . . . obstruct[ing], influenc[ing], or imped[ing] any official proceeding, or attempt[ing] to do so." 18 U.S.C. § 1512(c). The

---

[1] The government agrees that the Court may do so. *See* Gov't's Opp'n to Def.'s Mot. Dismiss Count One of the Indictment at 6, ECF No. 60.

indictment did not reference 18 U.S.C. § 1512(c)(1), which makes it unlawful to "corruptly . . . alter[], destroy[], mutilate[], or conceal[] a record, document, or other object, or attempt[] to do so, with the intent to impair the object's integrity or availability for use in an official proceeding." *Id.*

On June 28, 2024, the Supreme Court issued its opinion in *Fischer v. United States*, 603 U.S. 480 (2024). There the Court held that to prove any violation of section 1512(c), the government must establish that the defendant "impaired the availability or integrity" of evidence to be used in an official proceeding. *Id.* at 498. In other words, "*Fischer* imported text from Section 1512(c)(1) to limit the scope of Section 1512(c)(2) to cover only actions, other than the four types of actions specifically enumerated by (c)(1) . . . that 'impair[ or attempt to impair] the availability or integrity'" of documents, records, objects, or other things for use in an official proceeding. *United States v. DeCarlo*, No. 21-cr-73, 2024 WL 4650993 at *11 (D.D.C. Nov. 1, 2024) (quoting *Fischer*, 603 U.S. at 498).

Count I of the first superseding indictment did not allege that Mr. Ligas impaired or attempted to impair the availability or integrity of any documents, records, objects, or other things. *See generally* First Superseding Indictment. On September 30, 2024, Mr. Ligas moved to dismiss Count I, arguing that: (1) Count I failed to state a violation of 18 U.S.C. § 1512(c) as clarified in *Fischer*; (2) Congress's certification of the Electoral College count does not qualify as "a proceeding before the Congress" within the meaning of 18 U.S.C. § 1515(a)(1); and (3) that section 1512(c)(2) is unconstitutionally vague. *See generally* Mot. Dismiss Count One of the Indictment ("Mot. Dismiss"), ECF No. 56.

On October 9, 2024, a grand jury returned a second superseding indictment. Second Superseding Indictment, ECF No. 58. Count I now charges Mr. Ligas with violating 18 U.S.C.

§ 1512(c) as a whole—not just section 1512(c)(2)—and alleges that he "attempted to, and did, corruptly alter, destroy, mutilate, and conceal a record, document, and other object, with the intent to impair the object's integrity or availability for use in an official proceeding . . . specifically, Congress's certification of the Electoral College vote . . . ."[2] *Id.* at 1–2.  Shortly after, the government filed an opposition to Mr. Ligas's motion to dismiss.  Gov't's Opp'n to Def.'s Mot. Dismiss Count One of the Indictment ("Gov't's Opp'n"), ECF No. 60.  Mr. Ligas did not file a reply or a renewed motion to dismiss.

### III.  ANALYSIS

A defendant may raise an indictment's failure to state an offense as grounds for pre-trial dismissal.  Fed. R. Crim. P. 12(b)(3)(B)(v).  "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes."  *United States v. Puma*, 596 F. Supp. 3d 90, 96 (D.D.C. 2022) (emphasis in original).

An indictment is constitutionally sufficient if it "inform[s] the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense."  *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018) (quoting *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014)).  To that end, Federal Rule of Criminal Procedure 7(c) requires an indictment to encompass "a plain,

---

[2] The second superseding indictment also charges Mr. Ligas with civil disorder, in violation of 18 U.S.C. § 231(a)(3) (Count II); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count III); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count IV); disorderly conduct in a capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count V); and parading, demonstrating, or picketing in a capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count VI).  *See* Second Superseding Indictment at 2–3.  None of those counts are at issue in the motion to dismiss.

concise, and definite written statement of the essential facts constituting the offense charged." An indictment typically satisfies Rule 7(c) and the Constitution if it invokes the statutory language of the charged offense and states the time and place the defendant allegedly committed the offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108–09 (2007); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974).

The second superseding indictment satisfies the Rule 7(c) standard. The text of Count I mirrors the statutory language defining the offense described in section 1512(c), and it includes the time and place Mr. Ligas allegedly committed the violation. *Compare* 18 U.S.C. § 1512(c), *with* Second Superseding Indictment at 1. Mr. Ligas does not argue otherwise. So Mr. Ligas's first argument for dismissal fails. *See* Mot. Dismiss at 2–4.

Mr. Ligas's second argument, that the certification of the electoral count is not an "official proceeding" within the ambit of § 1512(c), *see* Mot. Dismiss at 4–9, is foreclosed by D.C. Circuit precedent. In the majority opinion in *United States v. Fischer*, the panel held that the congressional certification of the Electoral College count qualifies as an "official proceeding." 64 F.4th 329, 342–43 (D.C. Cir. 2023). The Supreme Court's *Fischer* opinion did not disturb that holding. *See generally Fischer*, 603 U.S. 480 (disposing of the case without reaching the issue).

Finally, the Court rejects Mr. Ligas's argument that the term "corruptly" renders section 1512(c)(2) unconstitutionally vague. *See* Mot. Dismiss at 9–17. A criminal statute is unconstitutionally vague if it "fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). Neither the D.C. Circuit nor the Supreme Court has held that "corruptly," as used in section 1512(c), is unconstitutionally vague. *See Fischer*, 64 F.4th at 341–42 (opinion of

Pan, J.) (delaying addressing the meaning of "corruptly" "until that issue is properly presented to the court" but recognizing that a party erred "in arguing that the term 'corruptly' 'takes on unconstitutional vagueness' in circumstances outside the context of a judicial proceeding"); *id.* at 352 (Walker, J., concurring in part) (explaining that it is possible to interpret "corruptly" to "avoid[] vagueness"); *Fischer*, 603 U.S. at 518–19 (Barrett, J., dissenting) (describing various meanings that could be ascribed to the "unsettled" term). And both D.C. Circuit judges who joined the lead opinion in *Fischer* determined that "corruptly," as applied to section 1512(c)(2), is not unconstitutionally vague. *See* Gov't's Opp'n at 11.

Mr. Ligas points to several cases within this district discussing the meaning of the word "corruptly" in section 1512(c)(2), but not one found the statute unconstitutionally vague. *See* Mot. Dismiss at 13–16 (citing *United States v. Sandlin*, 575 F. Supp. 3d 16 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9 (D.D.C. 2021); *United States v. Nordean*, 579 F. Supp. 3d 28 (D.D.C. 2021); and *United States v. Montgomery*, 578 F. Supp. 3d 54 (D.D.C. 2021)). In fact, each court expressly held the opposite: that section 1512(c)(2) is *not* vague. *Sandlin*, 575 F. Supp. 3d at 29–34; *Caldwell*, 581 F. Supp. 3d at 16–20; *Mostofsky*, 579 F. Supp. 3d at 26; *Nordean*, 579 F. Supp. at 46–51; *Montgomery*, 578 F. Supp. 3d at 79–86; *see also Puma*, 596 F. Supp. 3d at 102–06 (same). The Court is not persuaded that minor differences in how other courts interpreted "corruptly" prove that the term is unconstitutionally vague. *See United States v. Robertson*, 103 F.4th 1, 10 (D.C. Cir. 2023) (holding that "the 'corruptly' element in § 1512(c)(2) delineates whether a defendant's conduct is culpable; and that there are a range of ways to prove a defendant's 'corrupt' intent or action").

5

For the same reasons articulated by the court in *Sandlin*, this Court holds that "corruptly," as applied to section 1512(c) as a whole, does not render the statute vague.[3]  *See Sandlin*, 575 F. Supp. 3d at 29–34.  The term "corruptly" "not only clearly identifies the conduct it punishes; it also 'acts to shield those who engage in lawful, innocent conduct—even when done with the intent to obstruct, impede, or influence the official proceeding.'"  *Puma*, 596 F. Supp. 3d at 103 (quoting *Sandlin*, 575 F. Supp. 3d at 33).

As discussed above, Count I mirrors the statutory text in 18 U.S.C. § 1512(c) defining the offense and states the time and place Mr. Ligas allegedly committed the offense.  That is sufficient for the charge to proceed to trial.  *See Fischer*, 64 F.4th at 361 (Walker, J., concurring in part) (concluding that substantially similar indictments should be upheld because they too contained the essential facts constituting the offense charged).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count One of the Indictment is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 22, 2024                                                                   RUDOLPH CONTRERAS
                                                                                                                     United States District Judge

---

[3] In arguing that "corruptly" makes section 1512(c)(2) unconstitutionally vague, Mr. Ligas leans heavily on *United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991).  *See* Mot. Dismiss at 10–13.  But as other courts have pointed out, that case's holding has since been limited to its facts.  *See Sandlin*, 575 F. Supp. 3d at 31 (collecting cases).